FILED

2005 Nov-29  PM 01:11
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| **v.** | )   **5:05-CR-00404-KOB-HGD** |
| | ) |
| **MICHAEL EDWARD PONTIFF, JR.** | ) |

## PLEA AGREEMENT AND CONDITIONS

The United States of America, the defendant and defendant's attorney each hereby acknowledge the following to be the plea agreement between the defendant and the United States and the conditions and understandings that apply to the agreement:

I. <u>PLEA AGREEMENT</u>:  The United States and the defendant hereby AGREE to the following:

(a)  <u>Plea</u>:  The defendant will plead guilty to Count(s) One of the Indictment.

(b)  <u>Understanding</u>:  Pursuant to Rule 11(c)(1)(B), Fed. R. Crim. P., and upon the Court's acceptance of the aforesaid plea and entry of judgment on the same, the United States will do the following:

(1)  The government will recommend that the defendant be given the appropriate reduction for acceptance of responsibility should he meet the criteria and qualify for such a reduction in accordance with the advisory guidelines.

(2)  The government will further recommend that the defendant be sentenced to the low end of the advisory guideline range. The government further reserves the full right of allocution.

(c) <u>Factual Basis</u>:

**The defendant hereby agrees and stipulates to the accuracy of the following information and that the information here may be used for sentencing purposes and waives any right he may have for a jury determination of such facts.**

X ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
**Defendant's Signature**

Pontiff was a teller for Compass Bank and worked at the Governor's Drive branch. Pontiff was hired on March 7, 2005. He did not report to work on April 1, 2005, and later resigned on April 4, 2005. On April 12, 2005, it was discovered that an official bank check was missing. A review of the records showed that Pontiff negotiated the check on March 31, 2005.

Pontiff made the official check (number 11448876) out to Bill Penney Motor Co., Inc. in the amount of $36,775.60 and used that check to purchase a 2005 Toyota 4Runner. On April 9, 2005, Pontiff traded the Toyota 4Runner for a 2003 BMW 325 at Tom Williams BMW in Birmingham, Alabama.

On April 13, 2005, state warrants for Theft of Property and Forgery were obtained and Pontiff was apprehended near his residence. The arresting officer, Officer Mark Matthews, advised Pontiff of his constitutional rights which Pontiff verbally waived. Pontiff spoke with the officer about the Toyota 4Runner and the BMW 325. Pontiff was taken to the Huntsville Police Department where he was advised of his rights again which he waived again.

In a verbal statement, Pontiff admitted to the theft of the check, the purchase of the Toyota 4Runner, which was negoitiated the day before the check was taken, and the subsequent trade for the BMW

(d) <u>Restitution</u>: The parties agree that the Court must consider ordering restitution at sentencing. It is the position of the United States that Compass Bank is the victim of the defendant's conduct and that approximately $26,775.60 is owed in restitution to the victim.

(e) <u>Special Assessment Fee</u>: The defendant will bring to the sentencing a money order or cashier's check in an amount equal to $100 for each count, for a total of $100.00, payable to the "Clerk, United States District Court" by virtue of the special assessment requirement of Title 18, United States Code, Section 3013. Immediately upon sentencing the defendant will pay the assessment to the Clerk of the Court.

II. CONDITIONS AND UNDERSTANDINGS:The following conditions and understandings apply to the above stated plea agreement:

## POSSIBLE SENTENCES AND THE GUIDELINES

(1)  Maximum Possible Sentences:  The defendant is aware of the maximum possible punishments under the Indictment.  The defendant is aware that a sentence could include imprisonment, supervised release terms following imprisonment, fines, assessments, and other costs and losses.

**(2) Guidelines: Counsel has explained to the defendant, that in light of the United States Supreme Court's recent decision in United States v. Booker, the federal sentencing guidelines are advisory in nature.  Sentencing is in the court's discretion and is no longer required to be within the guideline range.  The defendant agrees that, pursuant to this agreement, the court may use facts it finds by a preponderance of the evidence to reach an advisory guideline range and defendant explicitly waives any right to have those facts found by a jury beyond a reasonable doubt.  The defendant waives his right to appeal his conviction and sentence, on both direct an collateral appeal, so long as that sentence is within the advisory guideline range, as that range is determined by the Court.  The defendant understands and agrees that this is a binding waiver, which prevents him from filing an appeal regarding the length or imposition of sentence.**

(3)  Restitution: The court must consider ordering restitution.  18 U.S.C. § 3556.  In each order of restitution the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the

3

defendant. 18 U.S.C. § 3664(f)(1)(A). Under the Mandatory Restitution to Victims Act (MRVA) restitution is mandatory and requires the court to order full restitution for any offense that is a crime of violence, or where the victim has suffered a physical injury or pecuniary loss, or for other specified crimes defined by statute, 18 U.S.C. § 3663A. For limited offenses which are statutorily excepted from the MRVA, the amount of restitution to be paid by the defendant is discretionary with the court. Any dispute as to the proper amount or type of restitution shall be resolved by the court by the preponderance of the evidence. 18 U.S.C. § 3664(e). It is understood that the United States, any victim, and the defendant have a right to allocation concerning restitution, including the amount and the method and manner of payment.

(4) Non-binding: It is the Court's duty to impose sentence. The Court is not a party to the above plea agreement. Any sentence recommendation by the United States does not bind the Court, and the Court may impose a more severe or less severe sentence than that recommended.

(5) Sentencing Information: The United States may make any facts or evidence it deems relevant to sentencing known to the Court. The United States reserves full rights of allocution.

(6) Supervised Release: The defendant is aware that the Court must impose a term of supervised release to commence following the completion of any custodial portion of the defendant's sentence. The defendant understands that violation of the terms of the conditions for supervised release could result in the imposition of additional imprisonment and custodial time to be served.

## VOIDING OF AGREEMENT

The defendant understands that should he: (a) violate any federal, state, or local law or knowingly breach any terms of his bond after entering into this Plea Agreement; (b) move the Court

4

to accept his plea of guilty in accordance with, or pursuant to, the provisions of <u>North Carolina v.</u> <u>Alford</u>, 400 U.S. 25 (1970) (best interest plea); or (c) tender a plea of     *nolo contendere* to the charge(s); this Plea Agreement will become NULL and VOID, and the United States will not be bound by any of the terms, conditions, or recommendations, express or implied, which are contained therein.

## WITHDRAWAL OF GUILTY PLEA NOT ALLOWED

If the Court decides not to give the recommended sentence, or decides that the recommended sentence is not within the guidelines range, the defendant may not withdraw the plea of guilty.

## FAMILIARITY WITH CHARGES

The defendant is aware of the charges, and has discussed the charges and possible defenses with counsel. The defendant is fully aware of the elements charged in Count One of the Indictment. The defendant has been informed of the necessary proof required of the government for each element of  Title 18, United States Code, Section 513(a) as stated in Count One of the Indictment.

## ACKNOWLEDGMENT OF GUILT

The defendant is pleading guilty to the charges described above because the defendant is in fact guilty.

## WAIVERS

By pleading guilty the defendant waives and agrees to waive any and all motions, defenses, objections, or requests which have been made or which could have been made in this case. The

5

defendant also waives the right to trial by a jury (or by a judge if the defendant elected to be tried by a judge alone). At any such trial the defendant would have the right to assistance of counsel, to confront and cross-examine the witnesses against the defendant, to present evidence on the defendant's behalf, to compel the attendance of witnesses for the defense, and to testify or refuse to testify. The United States would have the burden of proving the case against the defendant beyond a reasonable doubt. The defendant would be presumed innocent and could only be convicted if a jury of twelve people (or a judge if the defendant elects to be tried by a judge) unanimously found the defendant to be guilty beyond a reasonable doubt. The defendant would have the right to appeal a guilty verdict. All these rights and protections are hereby waived. The Defendant further waives his right to appeal the conviction(s) and sentence as set out subsequently in this agreement.

## WAIVER OF DIRECT AND COLLATERAL APPEAL RIGHTS

In consideration of the government's recommended disposition, I, Michael Edward Pontiff, Jr., do hereby waive and give up my right to appeal (1) my conviction in this case, (2) any sentence the court might impose upon me except for a sentence that exceeds the statutory maximum, (3) the right to challenge any sentence so imposed or the manner in which the sentence was determined in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255, and (4) any fines and special assessments imposed.

I further acknowledge that before giving up these rights, I discussed the advisory nature of the Federal Sentencing Guidelines and their application to my case with my attorney, who explained them and answered all of my questions to my satisfaction. I hereby place my signature on the line directly below to signify that I fully understand the foregoing paragraphs,

6

and that I am knowingly and voluntarily giving up the appeal and sentencing rights as stated.

*Michael Edward Pontiff, Jr.*

**MICHAEL EDWARD PONTIFF, JR.**

## COUNSEL

The defendant has discussed this case at length with defendant's counsel. The defendant is satisfied with counsel's investigation of the case, exploration of possible defenses, advice and other representation.

## NON-RELIANCE

Other than what is contained in this document, NO PROMISES OR REPRESENTATIONS HAVE BEEN MADE TO THE DEFENDANT BY THE PROSECUTOR, OR BY ANYONE ELSE, NOR HAVE ANY THREATS BEEN MADE OR FORCE USED, TO INDUCE THE DEFENDANT TO PLEAD GUILTY. The defendant is not relying on any representations from anyone regarding possible parole or release dates. This document represents the sole agreement and understanding between the defendant and the United States.

## POST SENTENCE ACTIONS

This document in no way limits any response by the United States to post-sentencing actions, including appeals, motions to correct or review sentences, or habeas corpus petitions.

## OTHER DISTRICTS AND JURISDICTIONS

This document **DOES NOT BIND any other United States Attorney** in any other district, nor does it bind state or local authorities.

## TAX PROCEEDINGS

Unless otherwise specified herein, this document in no way applies to or limits any pending or prospective proceedings, related to the defendant's **tax liabilities**, if any.

## COMPETENCE

The defendant has not had any drugs, medication or alcohol within the past 48 hours except as stated hereafter, and is competent to enter the plea agreement stated above.

## ACKNOWLEDGMENTS

1.  I have READ and UNDERSTAND the provisions of this agreement. I have DISCUSSED the case and my constitutional and other rights with my lawyer. I am satisfied with my lawyer's representation in this case. I understand that by pleading guilty, I will be waiving and giving up my right to continue to plead not guilty, to a trial by jury, to the assistance of counsel at that trial, to confront, cross-examine, or compel the attendance of witnesses, to present evidence in my behalf, to maintain my privilege against self-incrimination and **to the presumption of innocence, and to file a direct or collateral appeal of my conviction and sentence except in the limited circumstances enumerated above.** I agree to enter my plea as indicated above on the terms and conditions set forth herein.

    _11-23.05_
    Date

    _Michael Edward Pontiff Jr._
    MICHAEL EDWARD PONTIFF, JR.

2.  I have discussed this case with the defendant in detail and have advised the defendant of the defendant's rights and all possible defenses. The defendant has conveyed to me that the defendant understands this document and consents to all its terms. I believe the plea and disposition set forth herein are appropriate under the facts of this case. I concur in the entry of the plea as indicated above and on the terms and conditions set forth herein.

    _11-23-05_
    Date

    _John Watson_
    JAKE WATSON
    Counsel for Defendant

3.  I have reviewed this document and agree to its provisions.

    ALICE H. MARTIN
    UNITED STATES ATTORNEY

    _11-29-05_
    Date

    ANGELA REDMOND DEBRO
    Assistant United States Attorney

9